# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| CENTER CITY MUSIC, PAL-PARK MUSIC, and MILKSONGS,<br><br>      Plaintiff,<br><br>vs.<br><br>SHEPHERD AND SMITH, INC. and ALLAN SHEPHERD,<br>**Serve: Registered Agent**<br>Allan Shepherd<br>7600 North Church Road<br>Kansas City, MO  64158<br><br>      Defendant. | Case No.  4:16-cv-35 |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiffs Center City Music, Pal-Park Music, and Milksongs, by and through counsel, allege as follows:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C. § 1400(a).

3. Plaintiffs allege three (3) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions.  SCHEDULE A, annexed to the Complaint and fully incorporated by this reference, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

## THE PARTIES

4. The Plaintiffs named in Column 2 (*see* attached Schedule A)[1] are the owners of the copyrights in the works listed in Column 3, and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

5. Defendant Shepherd and Smith, Inc. (the "S&S"), is a corporation organized under the laws of Missouri, with a principal place of business at 8250 North Church Road, Kansas City, MO 64158.

6. At all times hereinafter mentioned S&S did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Tanners Bar and Grill, located at 8250 North Church Road, Kansas City, MO 64158.

7. Musical compositions were and are publicly performed at Tanners Bar and Grill.

8. Defendant Allan Shepherd ("Shepherd" and, together with S&S, the "Defendants") is an individual who works and/or resides in this District.

9. On information and belief, Shepherd is a principal, director, and/or officer of S&S.

10. At all times hereinafter mentioned, Shepherd was, and still is, responsible for the control, management, operation, and maintenance of the affairs of S&S.

11. At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Tanners Bar

---

[1] All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

and Grill, including the right and ability to supervise and control the public performance of musical compositions at the establishment.

12. Each Defendant derives a direct financial benefit from the public performance of musical compositions at Tanners Bar and Grill.

### FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS

13. The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its 550,000 songwriter, composer, and music publisher members.

14. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

15. Since May 2013, ASCAP representatives have made more than 25 attempts to contact the Defendants, or their representatives, agents, or employees, to offer an ASCAP license for Tanners Bar and Grill. ASCAP has contacted Defendants by phone, by mail, by e-mail, and in person.

16. Defendants have refused all of ASCAP license offers for Tanners Bar and Grill.

17. ASCAP's various communications gave Defendants notice that unlicensed performances of ASCAP's members' musical compositions at Tanners Bar and Grill constitute infringement of ASCAP's members' copyrights in their musical works.

18. Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at Tanners Bar and Grill, including the copyrighted works involved in this action, without permission, during the hours that Tanners Bar and Grill is open to the public for business and presenting musical entertainment.

19. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

20. The compositions named in causes of action 4 originally was registered as an unpublished composition on the date stated in Column 5, and, subsequently was registered as a published composition. Since the date of its original registration, the composition named in cause of action 4 has been printed and published in conformity with Title 17 of the United States Code.

21. Each composition was published on the date stated in Column 5, and since the date of publication has been printed and published in conformity with Title 17 of the United States Code.

22. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

23. Defendants on the dates specified in Column 9, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by giving public performances of the compositions on

Defendants' premises, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

24. The public performances on Defendants' premises of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 9 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

25. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

26. The many unauthorized performances at Tanners Bar and Grill included the performances of the three copyrighted musical compositions upon which this action is based.

27. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was the owner of the copyright in the composition therein named.

28. The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

1. That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions -- or any of them -- and from causing

-5-
25109255v1

or permitting the said compositions to be publicly performed at Tanners Bar and Grill, or at any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

2. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred And Fifty Dollars ($750) in each cause of action herein.

3. That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

4. For such other and further relief as may be just and equitable.

Respectfully submitted,

Dated: January 20, 2016    LATHROP & GAGE LLP

By:  */s/ Kate O'Hara Gasper*
Kate O'Hara Gasper (61198)
KGasper@LathropGage.com
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108-2618
Telephone: 816.292.2000
Telecopier: 816.292.2001

Attorney for Plaintiffs Center City Music, Pal-Park Music, and Milksongs